**BIN ZHENG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

**No. 05–1393–ag.**

United States Court of Appeals, Second Circuit.

May 26, 2006.

Scott P. Shelkin, New York, NY, for Petitioner.

Gregory R. Miller, United States Attorney for the Northern District of Florida, E. Bryan Wilson, Assistant United States Attorney, Tallahassee, FL, for Respondent.

Present: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Bin Zheng, a citizen of the People's Republic of China, petitions this Court for review of the BIA's decision affirming Immigration Judge ("IJ") Barbara Nelson's denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We presume the parties' familiarity with the facts and procedural history.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir.2005). Factual findings by the IJ are upheld if they are supported by substantial evidence, *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177 (2d Cir.2004), and will be reversed "only if a reasonable fact-finder would have to conclude otherwise," *Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir.1999).

"When a factual challenge pertains to a credibility finding made by an IJ and adopted by the BIA, we afford particular deference in applying the substantial evidence standard, ... mindful that the law must entrust some official with responsibility to hear an applicant's asylum claim, and the IJ has the unique advantage among all officials involved in the process of having directly heard from the applicant." *Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004) (citation omitted). We must "look to see if the IJ has provided specific, cogent reasons for the adverse credibility finding and whether those reasons bear a legitimate nexus to the finding." *Id.*

Leaving aside the question whether Zheng may petition for asylum and withholding of removal based upon any persecution of his fiancé, the IJ's finding that Zheng's testimony was not credible warrants denial of his petition for review. Zheng's testimony that he followed his girlfriend to the hospital on a motorcycle was inconsistent with his written statement, in which he stated that family planning officials took them both to the hospital. Similarly, Zheng testified that officials took his wedding furniture when they arrested his parents, yet this was not mentioned in his affidavit. Given the brevity of Zheng's allegations, these inconsistencies in Zheng's description of pivotal incidents run to the heart of Zheng's claims.

The IJ also characterized as "evasive" Zheng's testimony about the theft of his furniture in connection with the arrest of his parents. While it is difficult to assess Zheng's responses from the bare record, we typically defers to such judgments of demeanor by the IJ, who has "the unique advantage ... of having heard directly from the applicant." *Zhang*, 386 F.3d at 73.

The "exceedingly narrow" scope of our review is "designed to ensure merely that credibility findings are based upon neither a misstatement of the facts in the record nor bald speculation or caprice." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir.2005) (citation omitted). We must not manufacture excuses for inconsistencies identified in an applicant's testimony. *Id.* Accordingly, Zheng's petition for asylum and withholding of removal must be denied.

Because Zheng did not argue his CAT claim in his petition for review, the claim is deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral argument in this petition is DENIED in

accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).